UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN COLEMAN,

                Plaintiff,

v.

DANIEL HATFIELD, ROBERT KYLE,
TIMOTHY LEWALSKI, HOPE OBERTEAN,
JUDY OVERMAN, and THOMAS STICHT,

                Defendants.

Case # 13-CV-6519-FPG

DECISION & ORDER

## INTRODUCTION

*Pro se* Plaintiff Shawn Coleman ("Plaintiff") originally brought this action on September 23, 2013, alleging that his civil rights were violated while being housed at Wende Correctional Facility ("Wende") and seeking relief under 42 U.S.C. § 1983. ECF No. 1.

The Court previously dismissed certain claims and defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* ECF No. 6. Plaintiff's four remaining claims are as follows: (1) an excessive use of force claim against Sergeant Timothy Lewalski ("Sergeant Lewalski"), Officer Daniel Hatfield ("Officer Hatfield"), and Officer Robert Kyle ("Officer Kyle") regarding a pat frisk incident on February 4, 2011; (2) a breach of privacy claim against Nurse Hope Obertean ("Nurse Obertean"), Nurse Judy Overman ("Nurse Overman"), and Deputy Superintendent of Security Thomas Sticht ("D.S.S. Sticht") regarding an x-ray taken shortly after the February 4, 2011 incident; (3) a retaliation claim against Sergeant Lewalski, Officer Hatfield, and Officer Kyle; and (4) a conspiracy claim against Sergeant Lewalski, Officer Hatfield, and Officer Kyle. *Id.*

1

The remaining Defendants have moved for summary judgment, ECF No. 19, and Plaintiff has not filed a response or requested an extension of time to do so. For the reasons stated below, Defendants' motion is granted.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, the non-moving party may defeat a summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

When reviewing a motion for summary judgment, the court must resolve genuinely disputed facts in favor of the non-moving party and must view inferences to be drawn from the facts in the light most favorable to the non-moving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). However, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir. 1986).

The submissions of a *pro se* litigant are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord,* 591 F.3d 37, 43 (2d Cir. 2009). Because *pro se* litigants are generally unfamiliar with the procedural requirements of summary judgment motions, they are provided with a specific notification at the time the motion is filed. *See Irby v. New York City Transit Auth.,* 262 F.3d 412, 414 (2d Cir. 2001); *see also* Local Civ. R. 56(b).

Nevertheless, proceeding *pro se* does not relieve a litigant from the usual requirements of summary judgment. *See Wolfson v. Bruno,* 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011). The

Local Rules of Civil Procedure for the Western District of New York require a party moving for summary judgment to provide a statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine dispute. Local Civ. R. 56(a)(1). Likewise, a party opposing summary judgment must provide a response to the moving party's statement of material facts, and "[e]ach numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56(a)(2).

When a *pro se* plaintiff fails to oppose a motion for summary judgment after having been warned of the consequences of such a failure, "summary judgment may be granted as long as the Court is satisfied that the undisputed facts 'show that the moving party is entitled to judgment as a matter of law.'" *Almonte v. Pub. Storage Inc.*, No. 11 CIV. 1404 DLC, 2011 WL 3902997, at *2 (S.D.N.Y. Sept. 2, 2011) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)); *see also Morrison v. Dr. Pepper Snapple Group*, 916 F. Supp. 2d 372, 374 (W.D.N.Y. 2013).

## II.   The Material Facts are Undisputed

Here, the record reflects that Defendants' motion for summary judgment was served and filed with a "Notice to *Pro Se* Litigants Opposing Summary Judgment," which provided information about the procedural requirements of summary judgment motions and warned Plaintiff about the consequences of failing to respond. ECF No. 19. The Court's scheduling order, ECF No. 20, did so as well. Pursuant to the Local Rules of Civil Procedure, Defendants filed a "Rule 56 Statement" of undisputed facts along with their motion. ECF No. 19-2. Because Plaintiff has failed to contest the facts presented by Defendants, or otherwise respond to Defendants' motion for summary judgment, the Court considers Defendants' Rule 56 Statement

to be undisputed. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2nd Cir. 1998); *Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir. 1984). Those undisputed facts establish the following:

1. At all relevant times, Plaintiff was an inmate at Wende and the Defendants were Wende employees. ECF No. 19-2, ¶1-2.

2. On February 4, 2011, while Sergeant Lewalski was supervising the pat frisks of inmates returning from programs, Plaintiff "suddenly became non-compliant when he removed his hand from the wall, turned toward Officer Hatfield and spit out an unknown object[1] towards Officer Hatfield." *Id.* at ¶3.

3. Officer Hatfield promptly placed Plaintiff to the floor and Officer Kyle placed mechanical restraints on Plaintiff without further physical restraint. *Id.*

4. Based on Sergeant Lewalski's observation of this incident, the physical restraint of Plaintiff by Officer Hatfield and Officer Kyle was minimal and necessary to restore safety, security and discipline. *Id.*

5. After the incident, Plaintiff was taken to the prison medical unit and x-rays were taken. Neither Nurse Obertean nor Nurse Overman allowed D.S.S. Sticht to view Plaintiff's x-rays. Another person, an x-ray technician at the facility, did ask D.S.S. Sticht to identify a foreign object that appeared in Plaintiff's x-ray.[2] The x-ray technician asked D.S.S. Sticht to view Plaintiff's x-ray because the object looked like a weapon and possible concealment of a weapon inside an inmate's body was a safety and security concern. D.S.S. Sticht identified the object as a small scalpel blade. *Id.* at ¶5.

6. The February 4, 2011 incident was precipitated by Plaintiff's noncompliance during the pat frisk, and had nothing to do with Plaintiff's prior role as inmate grievance

---

[1] The object was later determined to be a piece of hard candy. ECF No. 19-3, Exhibit II, Lewalski Memo.
[2] D.S.S. Sticht was the highest uniformed security staff person at the facility. ECF No. 19-3, Exhibit I, Sticht Decl. ¶3.

4

representative. Sergeant Lewalski, Officer Hatfield, and Officer Kyle did not conspire against Plaintiff or intend to retaliate against him for engaging in any protected activity. *Id.* at ¶4.

### III. Excessive Force

Plaintiff asserts an excessive force claim against Sergeant Lewalski, Officer Hatfield, and Officer Kyle based on the February 4, 2011 incident. ECF Nos. 1, 6. The basis for an excessive force claim under § 1983 is the Eighth Amendment right to be free from "cruel and unusual punishment." *See, e.g., Romano v. Howarth*, 998 F.2d 101 (2d Cir. 1993). Under the Eighth Amendment, inmates have the right to be free from "unnecessary and wanton infliction of pain at the hands of prison officials." *Id.* at 104 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

An Eighth Amendment claim includes both an objective and a subjective component. *Id.* at 105. With respect to the objective component, the plaintiff must show that the alleged conduct is "sufficiently serious" to rise to the level of a constitutional violation. *Id.* A *de minimis* use of force will rarely suffice because "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

With respect to the subjective component, the plaintiff must establish that the defendant acted "wantonly." *Id.* In the context of an excessive force claim, the question of whether the defendant acted wantonly turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992)).

Here, the undisputed facts indicate that on February 4, 2011, while Sergeant Lewalski was supervising the pat frisks of inmates returning from programs, Plaintiff suddenly became non-compliant when he removed his hand from the wall, turned toward Officer Hatfield and spit

5

out an unknown object towards Officer Hatfield. Officer Hatfield promptly placed Plaintiff to the floor and Officer Kyle placed mechanical restraints on Plaintiff without further physical restraint. Sergeant Lewalski observed that the physical restraint of Plaintiff by Officer Hatfield and Officer Kyle was minimal and necessary to restore safety, security and discipline. Based on those undisputed facts, no reasonable jury could conclude that Defendants acted maliciously or sadistically in order to cause Plaintiff harm. Therefore, summary judgment is granted as to Plaintiff's excessive force claim.

### IV.   Breach of Privacy

Plaintiff's second remaining claim is a breach of privacy claim against Nurse Obertean, Nurse Overman, and D.S.S. Sticht. ECF Nos. 1, 6. Plaintiff alleges that Nurse Obertean and Nurse Overman invaded his privacy by showing his x-rays to D.S.S. Sticht, and that D.S.S. Sticht invaded his privacy by viewing those x-rays. ECF No. 1.

Although inmates have a right to confidentiality in their health status under the Due Process Clause of the Fourteenth Amendment, this right is not absolute. *Davidson v. Desai*, 817 F. Supp. 2d 166, 191-92 (W.D.N.Y. 2011) (citing *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999)). An inmate's protected interest in the confidentiality of medical information varies depending on the type of medical information at issue. *Id.*; *see also Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 64 (2d Cir. 2011). Prison officials may only impinge on an inmate's right to confidentiality insofar as their actions are "reasonably related to legitimate penological interests." *Powell*, 175 F.3d at 112.

Here, it is undisputed that neither Nurse Obertean nor Nurse Overman allowed D.S.S. Sticht to view Plaintiff's x-rays. Another person, an x-ray technician at the facility, did ask D.S.S. Sticht to identify a foreign object that appeared in Plaintiff's x-ray. The x-ray technician asked D.S.S. Sticht to view the x-ray because the object looked like a weapon and possible

concealment of a weapon inside an inmate's body was a safety and security concern. D.S.S. Sticht identified the object as a small scalpel blade.

Given those undisputed facts, no reasonable jury could conclude that Plaintiff's right to privacy was violated. Even assuming Plaintiff had a constitutional right to confidentiality regarding the content of his x-rays, D.S.S. Sticht—as the highest uniformed security staff person at Wende—certainly had a legitimate penological interest in determining whether Plaintiff's x-ray indicated that Plaintiff was concealing a weapon inside his body. Summary judgment is therefore granted as to Plaintiff's breach of privacy claim.[3]

### V. Retaliation and Conspiracy

Plaintiff's last remaining claims are for retaliation and conspiracy against Sergeant Lewalski, Officer Hatfield, and Officer Kyle. ECF Nos. 1, 6. Specifically, Plaintiff alleges that those Defendants conspired and retaliated against him because of his role as an inmate grievance representative. ECF No. 1. However, in Sergeant Lewalski's sworn declaration, Sergeant Lewalski states that "Officers Hatfield, Kyle and I never conspired or retaliated against [Plaintiff]." ECF No. 19-3, Exhibit II, Lewalski Decl. ¶4. Sergeant Lewalski further states that the incident at issue "had absolutely nothing to do with [Plaintiff's] prior inmate grievance representative role and was the result of his own actions" in becoming noncompliant during the pat frisk. *Id.* at ¶8. As described above, these facts are undisputed. Summary judgment is therefore granted as to Plaintiff's retaliation and conspiracy claims.

---

[3] With respect to Nurse Obertean and Nurse Overman, summary judgment is also granted for the additional reason that neither Nurse Obertean nor Nurse Overman was personally involved in any disclosure of Plaintiff's x-rays. *See, e.g., Davidson*, 817 F.Supp.2d at 196 ("personal involvement of the defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983").

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 19) is GRANTED. Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated: May 10, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court